IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA, a Pennsylvania insurance corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No.  CIV-05-356-L |
| HEALTH CARE INDEMNITY, INC., a Colorado insurance corporation, | ) ) ) ) |
| Defendant. | ) ) |

# **O R D E R**

Plaintiff, American Casualty Company of Reading Pennsylvania, filed this action for declaratory judgment on March 30, 2005.  Defendant, Health Care Indemnity, Inc. ("HCI"), answered and counterclaimed for declaratory judgment in its favor.  This matter is before the court on cross-motions for summary judgment on Count I of the complaint and HCI's counterclaim.  Summary judgment is appropriate if the pleadings and affidavits "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment.  In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party.  Board of Education v. Pico, 457 U.S. 853, 863 (1982).  When reviewing cross-motions for summary judgment, the court must construe all

inferences in favor of the party against whom the motion under consideration is made.  Chandler v. City of Arvada, 292 F.3d 1236, 1240 (10th Cir. 2002). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added).  See also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).  In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that American Casualty issued Healthcare Providers Professional Liability Insurance policy number 0119853237 to named insured Mary Pat Rooks, R.N.  The policy had limits of liability of $1 million for each occurrence and $5 million in the aggregate.  The American Casualty policy, which was effective from August 1, 2002 to August 1, 2003, provides that it will

>pay all amounts up to the limit of liability which **you** become legally obligated to pay as a result of **injury** . . . . In addition to the limit of liability, we will also pay **claim expenses**. The **injury** . . . must be caused by a **medical incident** arising out of the supplying of, or failure to supply, **professional services** by **you**, or by anyone for whose professional acts or omissions you are legally responsible. The **medical incident** must happen on or after[1] the effective date and before the end of the policy period stated in the **certificate of insurance**.

Exhibit A to Complaint for Declaratory Relief and Damages at 12 (emphasis in original). The policy also provides, however, that

>Any loss resulting from any **claim** insured under any other insurance policy or risk transfer instrument, including but not limited to, self-insurance retentions, deductibles or other alternative arrangements, which applies to this loss, shall be paid first by those instruments, policies or other arrangements. This insurance will not serve as primary insurance where there is other applicable insurance. It is the intent of this policy to apply only to loss which is more than the total limit of all deductibles, limits of liability, self-insured amounts or other valid and collectible insurance or risk transfer arrangements, whether primary, contributory, excess, contingent, or otherwise. This insurance will not contribute with any other applicable insurance. In no event will we pay more than our limit of liability.
>
>These provisions do not apply to other insurance policies or risk transfer arrangements written as specific excess insurance over the limits of liability of this policy.

Id. at 7 (emphasis in original).

---

[1] Both the Complaint and the motion for summary judgment incorrectly quote this provision as requiring that the medical incident occur "on or *before*" the effective date of the policy.

HCI issued a Comprehensive Health Care Liability Policy, covering the period January 1, 2003 to January 1, 2004, under which Nurse Rooks also qualified as an insured based on her employment.  The HCI policy is subject to limits of liability of $10 million for each occurrence.  HCI Policy at 2 (attached to Affidavit of Jennifer Bender).  With respect to Health Care Professional Liability coverage, the HCI policy provides "where other *primary* insurance has been purchased for purpose of providing compensation for **patient** injury and for which application has been made and for which coverage is included in this policy, the limits of liability shall apply excess over any other valid and collectible insurance."  Id. at 9 (bold in original; italics added).  Like the American Casualty policy, the HCI policy also contains an "Other Insurance" clause.  HCI's policy provides

> If other insurance not afforded by the Company is available to any **insured** covering an **occurrence** also covered hereunder, the insurance afforded hereunder shall be excess of and not contribute with such other insurance.  Amounts collectible under a self-insured trust plan or any other self-insured program are other insurance for the purposes of this policy.  This Article VI, Paragraph 7, does not apply to excess insurance written specifically to be in excess of this policy.  Nothing contained herein shall be construed to make this policy subject to terms, conditions, and limitations of any other insurance.

Id. at 16 (emphasis in original).

In May 2004, Maeletha Gordon and Richard Gordon, Jr., individually and as the co-representatives of the Estate of Rose Marie Gordon, filed a Third Amended Petition in a wrongful death action filed in the District Court of Oklahoma County,

Oklahoma. Gordon v. Presbyterian Hosp., Case No. CJ-2003-4147 (Okla. Cty. filed May 16, 2003). The Third Amended Petition added Nurse Rooks as a party defendant. American Casualty and HCI disagree as to their respective obligations to Nurse Rooks in connection with the state court action. American Casualty contends that the policies' "Other Insurance" clauses are mutually repugnant and therefore both companies are obligated to defend and indemnify Nurse Rooks on a pro-rata basis. Complaint at ¶ 32. In contrast, HCI claims the American Casualty policy provides primary coverage to Nurse Rooks while the HCI policy provides excess coverage only. Defendant Health Care Indemnity, Inc.'s Answer and Counterclaim at 14, ¶ 11. HCI also disputes American Casualty's assertion that the policies' "Other Insurance" clauses are mutually repugnant; HCI contends its policy contains an excess clause and that American Casualty's clause constitutes an escape clause. Id. at 15-16, ¶¶ 17-18.

In Oklahoma, insurance contracts are interpreted using the rules of construction applicable to contracts generally. Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991). "The construction of an insurance policy should be a natural and reasonable one, fairly constructed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." Id. (*quoting* Wiley v. Travelers Ins. Co., 534 P.2d 1293, 1295 (Okla. 1974)). If the language of an insurance contract is clear and unambiguous, it must be interpreted in its plain and ordinary sense. "[N]either forced nor strained construction will be indulged, nor will

any provision be taken out of context . . . ." Dodson, 812 P.2d at 376. Oklahoma defines a primary insurance policy as providing coverage "without regard to any other insurance coverage available." Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc., 747 P.2d 947, 954 (Okla. 1987). In contrast, an escape clause "disclaims any and all liability if other insurance is available." Id. "*Excess coverage* or *secondary coverage* is provided when, under the terms of the policy, the insurer is liable for a loss only after any primary coverage – *other insurance* – has been exhausted." Id. (emphasis in original).

Pursuant to these standards, the court finds American Casualty is entitled to judgment in its favor. HCI's argument that American Casualty's policy is the primary policy is negated by the contract language. The American Casualty policy unequivocally provides that it "will not serve as primary insurance where there is other applicable insurance." Exhibit A to Complaint for Declaratory Relief and Damages at 7. HCI's assertion that its policy does not constitute "other applicable insurance" because it only provides excess insurance begs the question. With respect to the coverage at issue, HCI's insurance is only excess if "other *primary* insurance" exists. HCI Policy at 9 (emphasis added).[2] Given the existence of the HCI policy, however, the American Casualty policy by its express and clear terms

---

[2] In contrast, for personal injury and property damage coverage, the HCI policy requires only the existence of other insurance, not that that insurance be considered primary. Id.

cannot be considered a primary policy.  The court must therefore examine the policies' respective "Other Insurance" clauses to determine the priority of coverage.

HCI is correct that if one policy contains an escape clause and another provides only excess coverage in the event of more than one insurer, Oklahoma follows "the general trend that the 'no liability' policy is deemed primary coverage." Equity Mut. Ins. Co., 747 P.2d at 954.  HCI's assertion that the American Casualty policy contains an escape clause, however, fails as a matter of law.  Nowhere in the American Casualty clause does it disclaim all liability in the event of other insurance.  Rather, American Casualty provides that its coverage will apply "only to loss which is more than the total limit of all . . . other valid and collectible insurance . . . ." American Casualty Policy at 7, ¶ VIII.  Contrary to HCI's argument, the policy does not have to use the word "excess" to constitute an excess clause.  The clear import of the language used – loss that is "more than", that is "in excess of" – indicates the American Casualty "Other Insurance" clause is an excess clause.  The court finds that both companies undertook to provide excess coverage in the event other insurance existed.

As both parties' "Other Insurance" clauses constitute excess clauses, effect cannot be given to both clauses.  In that situation, Oklahoma law is clear.

> When concurrent polices have such "other insurance" clauses which cancel each other, we hold that they are mutually repugnant and are to be disregarded, with the loss shared by the insurers on a pro rata basis. . . . Absent concurring provisions for apportionment, coverage

> of the loss is to be shared on a pro rata basis according to the ratio each respective policy limit bears to the cumulative limit of all concurrent policies.

Equity Mut. Ins. Co., 747 P.2d at 954 (footnotes omitted). As American Casualty's policy limits are $1 million and HCI's are $10 million, American Casualty is required to pay one-eleventh of the defense costs and indemnity in the Gordon action. HCI is liable for the remaining ten-elevenths of the defense costs and indemnity payments.

In sum, American Casualty's Motion for Partial Summary Judgment (Doc. No. 19) is GRANTED. Health Care Indemnity, Inc.'s Motion for Partial Summary Judgment (Doc. No. 24) is DENIED.

It is so ordered this 4th day of January, 2006.

_____
TIM LEONARD
United States District Judge